UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 10-CR-78-SS-KS

UNITED STATES OF AMERICA     PLAINTIFF

v.     **OPINION & ORDER**

CHARLES EDWARD HUTSELL     DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court are the motions of the defendant, Charles Edward Hutsell, to proceed *in forma pauperis* and for the appointment of counsel [DE #478, 482]. Hutsell is currently incarcerated as a result of his conviction on one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Hutsell was sentenced on February 25, 2011 to 144 months of incarceration on each of these counts, to run concurrently, for a total of 144 months, to be followed by eight years of supervised release. He has not filed any appeal of his conviction and sentence; nor has he filed any collateral attack of his conviction or sentence under 28 U.S.C. § 2255. He also has not filed a motion seeking to modify his sentence under 18 U.S.C. § 3582(c).

Under 18 U.S.C.§ 3006A(2)(B), when the interests of justice so require, representation may be provided for a financially eligible person seeking relief under section 2241, 2254, or 2255 of Title 28. According to the Sixth Circuit:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)(citations and quotations omitted). Furthermore, "[t]he appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Id*. (citations omitted).

While Hutsell clearly has complaints about his sentence, he has not filed any collateral attack pursuant to § 2255, nor an appeal. He also has not filed any motion seeking modification of his sentence under 18 U.S.C. § 3582(c). Although Hutsell's Motion to proceed *in forma pauperis* suggests that he intends to seek such relief, nothing has been filed with the Court at this time. With no action pending, the Court declines to exercise its discretion to appoint counsel at this time. Similarly, as no action is pending, there is no need for the Court to determine whether Hutsell may proceed *in forma pauperis*. However, in the event that Hutsell ultimately files a timely motion seeking such relief and also files properly supported motions for appointment of counsel and to proceed *in forma pauperis*, the Court may revisit these issues.

Accordingly, for the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Hutsell's motions to proceed *in forma pauperis* and for the appointment of counsel [DE #478, 482] are **DENIED WITHOUT PREJUDICE**.

This August 24, 2011.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**