UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Criminal Case No. |
| | ) | 5:10-cr-78-JMH-CJS |
| v. | ) | 5:12-cv-7202-JMH-CJS |
| | ) | |
| CHARLES EDWARD HUTSELL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant-Petitioner. | ) | |
| | ) | |

\*\*\*

This matter is before the Court upon Defendant's belated
objections to the Magistrate Judge's Report and Recommendation,
[DE 767].[1] The Court has accepted and adopted the findings of the
Magistrate Judge and entered Judgment in this matter, [DE 762;
763], but will review the Report and Recommendation in light of
Defendants' objections.

In her Report and Recommendation, the Magistrate Judge
concludes that Defendant's Plea Agreement and its waiver
provision are valid. Although the Magistrate Judge also
addresses each of Defendant's claims on the merits and finds
them meritless, she found that the waiver provision bars all of

---

[1] The Court will apply the prisoner mailbox rule and find that Defendant is
deemed to have filed his objections on February 13, 2015, the date he signed
them and, the court will assume, placed them into the institution's internal
mailing system. *See* Rule 3(d) of the Rules Governing Section 2255 Cases in
the United States District Courts; *Houston v. Lack*, 487 U.S. 266, 273 (1988).
Regardless, Defendant's objections are untimely because the Report and
Recommendation was submitted on January 29, 2015 and, therefore, the 14-day
period to object ran on February 12, 2015.

Defendant's claims except for Defendant's argument that the Court lacks subject-matter jurisdiction, which is also without merit. The Court agrees that the Defendant's subject-matter jurisdiction argument is meritless. Furthermore, the Court finds that the waiver provision is valid and bars Defendant's remaining claims and, therefore, will not address those claims on their merits.

Hutsell argues that the waiver contained within the Plea Agreement is void because he was "incorrectly sentenced using the pre-FSA guidelines." [DE 767 at 1]. More accurately, Hutsell was sentenced to 144 months imprisonment based on his binding Plea Agreement. In the agreement, the government agreed to dismiss Counts 1-4 and Defendant pled guilty to Counts 5 and 6 of the Third Superseding Indictment. [DE 332; 333]. Count 6 carried a minimum statutory punishment of 120 months, but Hutsell agreed to a term of 144 months, for he would have faced a minimum of of 240 months for Count 1 under the pre-Fair Sentencing Act (FSA) Guidelines. However, Hutsell was sentenced after the FSA effective date and, following *Dorsey v. United States*, 132 S. Ct. 2321 (2012), is subject to its more lenient provisions. *See also United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013). Pursuant to the FSA, Hutsell would no longer be subject to a minimum statutory sentence of 240 months on Count 1.

As a result of this change to the minimum sentence on Count 1 upon which Hutsell relied, the Court has granted Hutsell's request to reduce his sentence, resentencing him to the minimum statutory penalty on Count 6, 120 months. [DE 745]. However, the Court does not agree that the Fair Sentencing Act's impact on Count 1 invalidates the waiver provision in the Plea Agreement. As the Sixth Circuit has explained, "the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742 757 (1970); *see also United States v. Tyus*, 526 F. App'x 581, 583 (6th Cir. 2013) (holding, on defendant's appeal of his sentence, that the district court's failure to use the FSA penalties in sentencing did not render defendant's guilty plea involuntary and, thus, enforcing the terms of the plea agreement); *United States v. Harrison*, 699 F.3d 158, 158 (2d Cir. 2012) ("[T]he change in law caused by *Dorsey*'s interpretation of the Fair Sentencing Act is not sufficient to upset a valid waiver of appeal."); *United States v. Thomas*, 481 F. App'x 238, 239 (5th Cir. 2012) (enforcing defendant's waiver).[2] *But cf. United States v. Hogg*, 723 F.3d 730, 739 (6th

---

[2] The Defendant relies on *Calhoun v. United States*, 572 F. App'x 335 (6th Cir. 2014), but this case is unpersuasive because the court decides a different issue and specifically declines to address the effect of the plea agreement's waiver because the government neglected to raise the issue. *Id*. at 338. Also,

Cir. 2013) (holding, on defendant's appeal, that the district court's overstatement of statutory penalty range using pre-FSA Guidelines was not harmless error and that defendant should have been allowed to withdraw guilty plea and distinguishing *Tyus* as under a different standard of review).

Additionally, Hutsell contends that plea waivers do not bar all challenges. Indeed, the Sixth Circuit has recognized that plea waivers do not preclude challenges to a sentence affected by a constitutionally impermissible factor or that the statutory maximum was exceeded, nor can a subject-matter jurisdiction argument be waived by plea agreement. *See United States v. Ali*, 178 F. App'x 495, 497-98 (6th Cir. 2006) (constitutionally impermissible factor like race); *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006) (statutory-maximum sentence arguably exceeded); *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (subject-matter jurisdiction). However, with the exception of the subject-matter jurisdiction argument, which the Court will address below, the Defendant has not raised any of these challenges and, therefore, cannot rely on these exceptions.

The Court agrees with the Magistrate Judge and finds that the waiver provision in the binding Plea Agreement, [DE 333],

---

the district court in *Calhoun* declined to correct the defendant's sentence under the FSA, which is not the case here.

4

remains valid. All of Defendant's claims, save his argument concerning subject-matter jurisdiction, are, therefore, precluded by the waiver.

As for the Magistrate Judge's finding that the Defendant's arguments on subject-matter jurisdiction are without merit, Defendant argues that the Court improperly raised this issue on its own. To the contrary, the Magistrate Judge properly responds to the Defendant's argument and the Defendant, not the government, has the burden to establish this issue in his § 2255 motion. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Furthermore, the Magistrate Judge properly concludes that this Court has subject-matter jurisdiction over this matter pursuant to 18 U.S.C. § 3231, as Defendant pled guilty to two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), a federal criminal statute.

Accordingly, the Court, having reconsidered the Magistrate Judge's Report and Recommendation in light of the Defendant's belated objections, concludes that the Defendant is not entitled to relief. The Court's decision of February 20, 2015, [DE 762; 763] remains in full force and effect. Additionally, the Court, having noticed an error in the heading of the Judgment, hereby **AMENDS** the Judgment, [DE 763], to be titled "Judgment" rather than "Memorandum Opinion and Order."

This the 3rd day of March, 2015.



**Signed By:**

**_Joseph M. Hood_**

**Senior U.S. District Judge**