UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Criminal Case No. |
| | ) | 5:10-cr-78-JMH-CJS |
| v. | ) | 5:12-cv-7202-JMH-CJS |
| | ) | |
| CHARLES EDWARD HUTSELL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant-Petitioner. | ) | |
| | ) | |

\* \* \*

This matter is before the Court pursuant to Defendant's Motion for Reconsideration. [DE 781]. For the following reasons, the Court will grant Defendant's motion and reconsider its Order of March 3, 2015.

At the outset, the Defendant contends that his objections were timely filed. Although not for the reasons articulated by the Defendant, upon review of the record, the Court agrees that Defendant's objections were timely filed and will grant him relief on this issue.[1] In light of this finding, the Court will grant Defendant's motion for reconsideration and will review its decision of March 3, 2015, considering Defendant's objections.

---

[1] Defendant had 14 days after service of a copy of the Report and Recommendation to file objections, pursuant to 28 U.S.C. § 636(b)(1). Because the Defendant is being served by mail, three additional days for service are provided by Fed. R. Civ. P. 6(d). The Report and Recommendation was submitted on January 29, 2015, and Defendant's objections were deemed filed on February 13, 2015. *See* Rule 3(d) of the Rules Governing Section 2255 Cases in the United States District Courts; [DE 769 at n.1]. Accordingly, Defendant's objections were timely filed.

In both his Objections and Motion for Reconsideration, Defendant argues that the waiver provision found in the binding plea agreement is not valid, or has not yet taken effect. The Court previously concluded that the waiver provision is valid and this conclusion has not changed upon review. The Court agrees with the Magistrate Judge that the record, including the statements made by Hutsell under oath at the rearraignment, clearly shows that Hutsell signed the plea agreement knowingly, voluntarily, and intelligently. [DE 747 at 6-8; 762; 769]. Accordingly, the waiver provision stands, and Hutsell has effectively waived his right to bring a § 2255 motion. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Although Hutsell is entitled to a reduction in sentence, this does not mean that the plea agreement and waiver that he signed on December 7, 2010, are void, which the Court explained in its previous Order. [DE 769]. It does not mean that Defendant is, somehow, not yet sentenced. And it does not mean that Defendant is "entitled to be brought back and resentenced." The Court has already resentenced Hutsell, reducing his original 144-month sentence to 120 months. [DE 745]. Hutsell was given the opportunity to speak at his original sentencing, but he is not entitled to speak or be present when the sentence is subsequently corrected. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997); [DE 501].

2

Defendant also contends that some claims are not barred by plea agreement waivers. In its previous Order, the Court found that Plaintiff had not raised any of these types of claims. This conclusion also remains unchanged upon reconsideration. Defendant suggests that a claim of actual innocence may be one such claim, but Defendant has not raised a credible claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). Hutsell signed and agreed to the facts described in the plea agreement, which the Court has found to have been entered into knowingly, voluntarily, and intelligently. Accordingly, Hutsell's plea "serves as an admission that he is not innocent of the crimes charged." *Luster v. United States*, 168 F.3d 913, 915-16 (6th Cir. 1999).

The Court also previously noted that a claim that the statutory maximum was exceeded is one such claim not barred by plea waiver. *See United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006). Hutsell now argues, citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that "mandatory minimum errors are no different for Constitutional purposes from statutory maximums" and, therefore, if a statutory maximum argument survives waiver, so does an argument concerning mandatory minimum errors. [DE 781]. While Hutsell's argument is, perhaps, creative, it is not persuasive. In *Alleyne*, the Supreme Court held that facts that increase a mandatory minimum sentence, just

3

like facts that increase a statutory maximum sentence, must be submitted to a jury. *Alleyne*, 133 S. Ct. at 2155. The Court did not compare the two for purposes of getting around a plea agreement waiver provision in § 2255 petition, as Hutsell proposes to do here. Nor has Defendant cited any case, and the Court is not aware of any case, in which a court has employed a similar strategy. Regardless, the Court agrees with the Magistrate Judge that *Alleyne* does not apply to Hutsell's § 2255 motion. *See Rogers v. United States*, 561 F. App'x 440, 443 (6th Cir. 2014). Even still, the facts that resulted in Hutsell's sentence where admitted to by Hutsell in his guilty plea, and, thus, the rule articulated in *Alleyne* is irrelevant for Hutsell's purposes. *See United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013).

Defendant's remaining objections have been waived by him in his plea agreement. Defendant objects that the Magistrate Judge did not address whether the enhancements to his sentence under 21 U.S.C. §§ 841(b)(1)(B) should apply in his case. Although the Magistrate Judge did thoroughly address the merits of this argument, [DE 747 at 18], the Magistrate Judge also found, and the Court agrees, that Defendant's plea agreement waives his right to raise this issue. *See United States v. Darby*, 549 F. App'x 499, 500 (6th Cir. 2014). Defendant also objects that the Magistrate Judge did not address his innocence, and states that

4

he "did not participate in the distribution of more than 28 grams." The Magistrate Judge found, and the Court agrees, that this argument is without merit because the Defendant admitted in his plea agreement to personally selling 858 milligrams of cocaine to a confidential informant and providing Defendant Bryant with 27.9 grams of crack cocaine. [DE 333].

Finally, the Court turns to its subject-matter jurisdiction over Defendant's case. Defendant objects that the Court decided this matter incorrectly, that the government has the burden of proving jurisdiction, it failed in meeting this burden, and the Magistrate Judge erred by subsequently taking the matter up on its own. As an initial matter and as the Court stated in its previous Order, the Court agrees with the Magistrate Judge that this Court has subject-matter jurisdiction over this matter pursuant to 18 U.S.C. § 3231.

All that remains are the Defendant's objections to the process by which subject-matter jurisdiction is established. Defendant argues that his case should have been dismissed because the government did not sustain its burden to establish jurisdiction. In its previous Order, the Court cited *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), which states the rule that Defendants have the burden of sustaining their allegations in a § 2255 motion. In response, Defendant cites the general rule that the party asserting jurisdiction has the

burden to prove it. *See Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011). Although true, realistically speaking, neither of these rules regarding burden of proof are particularly applicable in this context. This is because in federal criminal matters, the question of jurisdiction is straightforward. *See United States v. Titterington*, 374 F.3d 453, 458 (6th Cir. 2004); *see also United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013); *Hugi v. United States,* 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry."). Eighteen U.S.C. § 3231 grants U.S. district courts original jurisdiction "of all offenses against the laws of the United States." The Third Superseding Indictment charges Defendant with violations of federal crimes including 21 U.S.C. §§ 846; 841(a)(1); 856(a)(1); and 860. The Defendant pled guilty to Counts 5 and 6, thus admitting guilt to violation of federal law, 21 U.S.C. § 841(a)(1). Thus, the Court clearly has subject-matter jurisdiction, and the government has no additional responsibility, or burden, to prove this issue.

Defendant also argues that the Magistrate Judge erred in addressing the issue of jurisdiction in its Report and

Recommendation. The Court disagrees, as it explained in its previous Order. [DE 769]. Regardless, federal courts may raise the issue of subject matter jurisdiction on their own, even when neither party questions jurisdiction. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Reconsideration, [DE 781], is **GRANTED**. But the Court, upon reconsideration of Defendant's Objections to the Report and Recommendation, finds that the Defendant is not entitled to relief. The Court's decision of February 20, 2015, [DE 762; 763] remains in full force and effect.

This the 21st day of April, 2015.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge